IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| LAURA TAGGART, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:11-cv-6222-HO |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| PIONEER TELEPHONE COOPERATIVE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

Plaintiff originally brought this action asserting sex discrimination and retaliation under Title VII, violation of the Equal Pay Act, and similar claims under Oregon state law. Plaintiff also asserted a whistle blower claim under Oregon state law.

Plaintiff instituted this action on July 11, 2011. On March 12, 2012, plaintiff sought leave to file an amended complaint,

1 - ORDER

which the court granted on March 16, 2012.  Although the court
ordered the filing of the amended complaint within ten days, as of
April 26, 2012, plaintiff had not filed an amended complaint.  On
April 26, 2012, defendant filed a motion seeking summary judgment
as to all claims.

When plaintiff sought leave to amend, the motion made clear
that the purpose of the amendment was to delete all federal clams
so as to facilitate dismissal without prejudice to raise the state
law claims in state court.  Indeed, the motion included a copy of
a proposed amended complaint.  Plaintiff finally filed the amended
complaint on May 7, 2012.[1]  In addition, plaintiff moved to dismiss
without prejudice, on May 9, 2012, for lack of jurisdiction.
Defendant opposes the motion to dismiss contending that dismissal
now would result in a waste of judicial resources, unnecessary
delay and prejudice.

In essence, the federal claims in this case dropped out as of
March 16, 2012.  Plaintiff will stipulate that the discovery
conducted in this case will be admissible in state court.
Plaintiff will also stipulate to setting an immediate trial date.[2]
Moreover, to the extent defendant would seek summary judgment in

---

[1]Plaintiff's counsel indicates that the court's order allowing
amendment did not reach him due to his e-mail program directing
the order to his junk folder.  Upon discovery of the order in the junk
folder on May 7, 2012, plaintiff's counsel promptly filed the
amended complaint.

[2]There are of course no guarantees of a quickly scheduled
trial date in this court given the court's docket and the fact that
criminal trials take precedence.  These same issues may also be
present in a newly filed state court proceeding even with discovery
substantially completed.

state court, the work applicable to the state claims in the summary judgment motion filed in this court is not lost.

When federal claims are dismissed before trial, it is wholly within the district court's discretion to dismiss the related state claims.  United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966); see also Schneider v. TRW, Inc., 938 F.2d 986, 993-94 (9th Cir. 1991).  The court has not invested its judicial energies to such an extent that would justify retaining jurisdiction.  See Schneider, 938 F.2d at 994; Wren v. Sletten Const. Co., 654 F.2d 529, 536 (9th Cir. 1981).  Nor is it apparent that judicial economies would be served by retaining jurisdiction over this case.  See Schneider, 938 F.2d at 994.  In weighing issues of economy, convenience, fairness, and comity, the court declines to retain supplemental jurisdiction over the remaining state law claims.  Accordingly, plaintiff's motion to dismiss is granted.


CONCLUSION

For the reasons stated above, plaintiff's motion to dismiss (#21) is granted and this action is dismissed without prejudice.

DATED this _18th_ day of June, 2012.

_____
United States District Judge

3 - ORDER